

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-15-2007

# USA v. Jennings

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4003

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Jennings" (2007). *2007 Decisions.* Paper 1469.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1469

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4003

UNITED STATES OF AMERICA

v.

WAYNE JENNINGS,
                    Appellant

On Appeal from the United States District Court
for the District of New Jersey
D.C. Criminal No. 02-cr-0635
(Honorable Joseph E. Irenas)

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 1, 2007
Before: SCIRICA, *Chief Judge*, McKEE and NOONAN[*], *Circuit Judges*.

(Filed: March 15, 2007)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Wayne Jennings appeals his sentence of 120 months' imprisonment for one count

of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §

_____

[*]The Honorable John T. Noonan, Jr., United States Circuit Judge for the Ninth Judicial
Circuit, sitting by designation.

922(g)(1). Jennings contends the District Court applied the wrong standard of proof for determining facts that led the District Court to enhance Jennings's Guidelines base offense level by four levels for possessing a firearm in connection with another felony offense under U.S.S.G. § 2K2.1(b)(5). We will affirm.

## I.

On June 16, 2002, Camden City police officers received a specific tip about suspected drug activity originating from a car parked in a vacant lot in Camden, New Jersey. Acting on the tip, the Officers observed an individual (later identified as Jennings) sitting inside a car parked in the lot, trying to hide a plastic bag of marijuana and a cigar in his pocket. The Officers recognized Jennings as an individual known to have outstanding warrants for arrest, and proceeded to place him under arrest. The subsequent search of the vehicle revealed a "Jennings Nine" 9mm semi-automatic handgun with a defaced serial number and 120 small sealed bags containing crack cocaine. A search of Jennings revealed additional drugs and cash.

On August 20, 2002, Jennings was charged in a one-count federal criminal indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He entered a guilty plea on November 7, 2002. The Presentence Investigation Report recommended a Guidelines range of 130 to 162 months, which was reduced to

2

120 months because the maximum term of imprisonment under § 922(g)(1) is ten years.[1]

The recommended range of 130 to 162 months included a four-level enhancement for possession of a firearm in connection with another felony offense, which in this case was possession of either cocaine or crack cocaine with intent to distribute.[2] U.S.S.G. § 2K2.1(b)(5).

At sentencing, Jennings challenged the application of the four-level enhancement for possession of a firearm in connection with another felony offense. On March 14, 2003, the District Court heard testimony from Officer Jason Pike, the arresting officer, about the drugs recovered from the car at the time of Jennings's arrest. On April 17, 2003, the District Court found the four-level enhancement applied and sentenced Jennings to 120 months' imprisonment and three years' supervised release.

Jennings timely appealed and we remanded on May 19, 2005, for re-sentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Davis*, 407 F.3d 162 (3d Cir. 2005). At a re-sentencing hearing on August, 18, 2005, the District Court found the four-level enhancement was established by a preponderance of the

---

[1] This Guidelines range was based on a criminal history category of VI and a total offense level of 27. U.S.S.G. Chapter 5, Part A.

[2] The recommended Guidelines range also included a two-level enhancement for possession of a firearm with a defaced or obliterated serial number, U.S.S.G. § 2K2.1(b)(4), and a three-level downward adjustment for acceptance of responsibility, U.S.S.G. §§ 3E1.1(a), (b).

evidence and reimposed the maximum statutory sentence of 120 months' imprisonment and three years' supervised release. Jennings timely appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Jennings contends the District Court erred by imposing the four-level enhancement for possession of a firearm in connection with another felony because the District Court did not make the necessary factual findings beyond a reasonable doubt. We recently resolved this issue in *United States v. Grier*, 475 F.3d 556 (3d. Cir. 2007), in which we held "that the right to proof beyond a reasonable doubt does not apply to facts relevant to enhancements under an advisory Guidelines regime." *Id.* at 565. Because the Guidelines are advisory after *Booker*, "[f]acts relevant to application of the Guidelines—whether or not they constitute a 'separate offense'—do not" increase the statutory maximum punishment to which the defendant is exposed, but rather "inform the district court's discretion without limiting its authority. They therefore do not constitute 'elements' of a 'crime' under the rationale of *Apprendi* and do not implicate the rights to a jury trial and proof beyond a reasonable doubt." *Id.* at 567 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). *See also* U.S.S.G. § 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."). Here, the District Court made a finding by a preponderance of the evidence that Jennings possessed the firearm in connection with

4

possession of narcotics with intent to distribute, and then sentenced Jennings to the statutory maximum under § 922(g). The District Court applied the correct standard of proof because it sentenced Jennings to the statutory maximum sentence for the charged offense.

## III.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.